### MARTIN v. GUBELMANN.

Court of Appeals of District of Columbia.
Submitted March 14, 1927. Decided
May 2, 1927.

No. 1889.

Patents ⊚═91(4)—Party to interference proceeding held entitled to priority in invention of machine having adding and subtracting totalizer, under amendment of old application.

Party to interference proceeding, involving priority of invention of machine for performing additions and subtractions by direct process having a combination of adding and subtracting totalizer with means for printing totals, *held* entitled to make claims in issue, and entitled to priority under amendment to old application.

Appeal from Commissioner of Patents.

Interference proceeding between William S. Gubelmann and Haakon A. Martin. From a decision of the Commissioner of Patents for the former, the latter appeals. Affirmed.

H. E. Stauffer, of Dayton, Ohio, for appellant.

C. S. Grindle, of Washington, D. C., and A. A. Sanborn and E. C. Sanborn, both of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an interference proceeding, in which the appellee, Gubelmann, under an amendment to an application filed September 19, 1912, sought to copy the claims in issue from a patent granted to appellant, Martin, August 3, 1920, on an application filed June 26, 1915.

The counts involved are as follows:

"2. In a machine of the class described, the combination with an adding and subtracting totalizer of type carriers, means for taking impressions from the type carriers, and connections whereby the adding and subtracting totalizer controls the impression means.

"3. In a machine for performing additions and subtractions by direct process, the combination of a set of numeral elements to be advanced in adding and moved backward in subtracting, means for operating said elements to present correct positive or negative totals at a line common to the elements, and means for printing the totals."

An order to show cause why judgment of priority should not be entered on the face of the record was issued against Martin, who responded by a motion to dissolve the interference on the ground that Gubelmann could not make the claims. On the finding of the Law Examiner that Gubelmann was entitled to make the claims, the Examiner of Interferences awarded priority in his favor, from which an appeal was taken to the Board of Examiners in Chief, where the decision was affirmed. The decision of the Examiners was affirmed by the Commissioner of Patents, from whose decision this appeal was taken.

Considering first claim 2, it is conceded that Gubelmann has "an adding and subtracting totalizer," but Martin insists that, when the count in issue is read on Gubelmann's construction, there is no limitation placed upon the term "subtracting," and that the decisions of the tribunals below extend "the claim to read as it would do if the word 'totalizer' were substituted for the words 'adding and subtracting totalizer,' and that such a claim would not be patentable over the prior art."

We agree with the holding of the Board of Examiners in Chief that "there is certainly nothing in the claim to indicate in what manner the subtracting operation of the totalizer affects the impression means, and if the intermediate elements or function must be read into the claim to make it patentable, the claim would be of substantially the scope of some of Martin's numerous claims which are not involved in the interference; e. g., claim 78 would seem to express about what Martin interprets the claim to cover. It is obvious that count 2, which is claim 74 of the Martin application, was intentionally drawn to be very broad in scope, and does not define any relationship between the character of the 'adding and subtracting' totalizer and its effect upon the impression device." Indeed, it may be suggested that, inasmuch as the claim is taken from the patent of one of the parties involved, we are not here concerned with the question of whether or not it is patentable over the prior art.

Coming now to claim 3, Martin challenges Gubelmann's right to make this claim on the ground that his machine does not perform additions and subtractions "by direct processes," and that no means are disclosed "for operating said elements to present correct positive or negative totals at a line common to the elements." In other words, Martin insists that, when the totalizer becomes negative in his machine, the mechanism automatically dis-

closes the necessity of a correction, and the operation to affect the required correction is automatically accomplished.

It is conceded that Gubelmann discloses means for affecting the correction, but it is contended that his mechanism lacks the automatic feature of Martin's disclosure. We agree, however, with the conclusion of the Commissioner that "the word 'automatic' is not used in the count, and it is not seen that the context of the language used requires an automatically acting means."

The decision of the Commissioner of Patents is affirmed.